# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTINE KEYES, | : HON. NOEL L. HILLMAN, U.S.D.J. |
| Plaintiff, | : Civil Action No. 1:20-cv-02649 (NLH)(KMW) |
| v. | : |
| NATIONSTAR MORTGAGE, LLC, U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA N. A. (AS CLAIMED SUCCESSOR IN INTEREST TO COUNTRYWIDE HOME LOANS, INC.), SHERIFF OF CAMDEN COUNTY AND RAS CITRON LAW OFFICES, | : **Return Date: July 20, 2020** <br><br> : **ORAL ARGUMENT REQUESTED** <br><br> : (Document Electronically Filed) |
| Defendants | |

**BRIEF IN SUPPORT OF DEFENDANTS U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HER COUNSEL PURSUANT TO FED. R. CIV. P. 11 AND N.J.S.A. 2A:15-59.1**

On the brief:
Joy Harmon Sperling, Esq.
(014021986)
Stephen R. Catanzaro, Esq.
(073402013)

DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ  07054
Telephone:  (973) 966-6300
*Attorneys for Defendants*
*U.S. Bank Trust, N.A., as Trustee*
*for LSF9 Master Participation Trust and*
*Mortgage Electronic Registration Systems, Inc.*

- i -

## **TABLE OF CONTENTS**

**Page**
PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF FACTS AND PROCEDURAL HISTORY....................................................... 3
ARGUMENT................................................................................................................................ 9
    PLAINTIFF AND ATTORNEY THOMAS SHOULD BE SANCTIONED FOR REFUSING TO VOLUNTARILY DISMISS THE FRIVOLOUS COMPLAINT............ 9
        A.    Plaintiff's Claims Are Frivolous................................................................. 10
        B.    Defendant Should Be Reimbursed For The Attorneys' Fees And Costs Incurred Defending Against Plaintiff's Frivolous Claims ......................... 13
CONCLUSION........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*,
 38 F.3d 1303 (3d Cir. 1994) ............................................................................................9

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
 498 U.S. 533 (1991) .........................................................................................................9

*Doering v. Union Cty. Bd. of Chosen Freeholders*,
 857 F.2d 191 (3d Cir. 1988) ....................................................................................12, 13

*Henson v. Santander Consumer USA Inc.*,
 137 S. Ct. 1718 (2017) ...................................................................................................12

*Ibelli v. Maloof*,
 257 N.J. Super. 324 (Ch. Div. 1992) .............................................................................13

*Itiowe v. Trentonian*,
 620 F. App'x 65 (3d Cir. 2015) .....................................................................................11

*Sheldrick v. Wells Fargo Bank, N.A.*,
 No. 16-2797, 2016 WL 7325473 (D.N.J. Dec. 16, 2016) ..............................................10

*Staub v. Harris*,
 626 F.2d 275 (3d Cir. 1980) ..........................................................................................12

**Statutes**

15 U.S.C. 1692k(d) .............................................................................................................12

15 U.S.C. § 1692a(6) ..........................................................................................................11

N.J.S.A. 2A:15-59.1 ................................................................1, 2, 8, 9, 11, 12, 13, 14

N.J.S.A. 2A:15-59.1(a) .......................................................................................................13

N.J.S.A. 2A:15-59.1(a)(1) ....................................................................................................9

N.J.S.A. 2A:15-59.1(b) .......................................................................................................10

**Rules**

Fed. R. Civ. P. 11 .................................................................................1, 8, 9, 11, 12, 13, 14

Fed. R. Civ. P. 11(b)(1)-(3) ..............................................................................................9

Fed. R. Civ. P. 11(c)(4) ................................................................................................9, 13

*R*. 4:34-3 ..........................................................................................................................4

## PRELIMINARY STATEMENT

As discussed herein, Plaintiff Kristine Keyes ("Plaintiff") and her counsel, Joshua L. Thomas, Esq. ("Attorney Thomas") (who has been previously admonished for filing a similar lawsuit) should be sanctioned for their refusal to withdraw Plaintiff's patently frivolous claims. Plaintiff's Complaint violates Fed. R. Civ. P. 11 and N.J.S.A. 2A:15-59.1 because the factual contentions are without evidentiary support, and each of the claims asserted is not warranted by existing law and has been asserted for an improper purpose.

First, Plaintiff's Complaint is a not-so-subtle attempt to circumvent the final judgment entered by the Superior Court of New Jersey, Chancery Division, Camden County in a foreclosure action against Plaintiff under Docket No. F-047181-13 (the "Foreclosure Action"). Indeed, Plaintiff directly challenges the final judgment in the Foreclosure Action by claiming that the subject note/mortgage were improperly endorsed, the assignments were ineffective, and the subsequent foreclosure and sheriff's sale were improper. Plaintiff asserted those identical arguments in the Foreclosure Action, which the court rejected when it denied Plaintiff's serial motions and entered final judgment. Plaintiff's collateral attack of the state court judgment is barred under the *Rooker-Feldman* doctrine, and she is otherwise precluded from re-litigating issues decided years ago under the res judicata and claim preclusion doctrines, as well as the entire controversy doctrine. Simply stated, Plaintiff and her counsel knew that the claims Plaintiff asserts in this case were already decided against her in the Foreclosure Action and are thus barred under the aforementioned preclusionary doctrines, yet still filed this meritless lawsuit anyway.

Second, in a blatant attempt to manufacture a claim appearing to be outside the scope of the final judgment, Plaintiff has asserted a claim under the Fair Debt Collection Practices Act

("FDCPA"). The problem with that claim, however, is that it is also frivolous, as it is irrefutably barred by the one (1) year statute of limitations and, even if it was not, Defendants are not debt collectors within the meaning of the statute. Thus, Plaintiff has no basis in law or fact to assert an FDCPA claim.[1]

By letter dated March 25, 2020, Defendants' counsel advised Attorney Thomas that Plaintiff's claims were frivolous in violation of Rule 11 of the Federal Rules of Civil Procedure and N.J.S.A. 2A:15-59.1. On May 29, 2020, Defendants' counsel served Attorney Thomas with a copy of this motion. Despite Defendants' notices, Plaintiff and Attorney Thomas continue to refuse to dismiss the frivolous Complaint. Attorney Thomas' refusal to dismiss is particularly puzzling because, as noted above, this Court has already admonished him for filing frivolous lawsuits in the District Court of New Jersey challenging prior foreclosure actions. While this case was removed to this Court, Plaintiff's Complaint is a perfect representation of the type of pleadings that this Court has warned Attorney Thomas to not file.

Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively "Defendants") understand the serious nature of this motion and do not seek sanctions lightly.

---

[1] Although Plaintiff seeks relief under the FDCPA, which is clearly a federal statute entitling Plaintiff to bring suit in this Court, she filed her action in state court. One reason for her doing so may be the Order entered by this Court restricting Plaintiff's counsel right to file suits and seek relief in this Court. By Order dated September 13, 2019, the Honorable Robert B. Kugler, U.S.D.J. enjoined Plaintiff's counsel, Attorney Thomas, from "filing any further complaint, lawsuit, or petition, which pertains to or references any prior foreclosure action, in the United States District Court for the District of New Jersey, without prior authorization of the Court" and "if he desires to file any further complaint, lawsuit, or petition in the [Court], he shall file an appropriate motion for leave to file such complaint, lawsuit, or petition under the present docket number." (See MTD Cert ¶19, Ex. S and the June 23, 2020 Certification of Joy Harmon Sperling, Esq. ("Sperling Cert.") ¶ 7, Ex C, which is the September 13, 2019 Order entered in the matter captioned *Hood v. Victoria Crossing Townhouse Ass'n, et al.*, Civil Action No. 18-12259).

However, the failure of Plaintiff and Attorney Thomas to voluntarily dismiss the Complaint under these circumstances is egregious. Defendants have already incurred and will continue to incur significant costs in defending against Plaintiff's baseless claims, including, but not limited to, the drafting and filing of the Motion to Dismiss Counts One Through Five of Plaintiff's Complaint (ECF Nos. 9, 18), their opposition to Plaintiff's Motion to Remand (ECF No. 19), and this Motion for Sanctions. Plaintiff and Attorney Thomas should be sanctioned to remedy this injustice and deter future litigation abuse.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### The Mortgage and the Foreclosure Action

On August 8, 2006, Plaintiff executed a note ("Note") in the amount of $169,600.00 in favor of Countrywide Home Loans, Inc. ("Countrywide"). To secure the Note, Plaintiff executed a mortgage (the "Mortgage") in favor of MERS, as nominee for Countrywide, and its successors and assigns, on property located at 7236 Walnut Ave, Pennsauken, New Jersey 08109 (the "Property"). (*See* MTD Cert. ¶2, Ex. A).[2] The Mortgage was recorded in the Camden County Clerk's Office on August 31, 2006 in Book 8314, Page 724. (*Id.*). The Mortgage and Note are referred to collectively as the "Loan."

On May 9, 2011, MERS assigned the Mortgage to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP (the "BAC Assignment"). (*Id.* ¶3, Ex. B). The BAC Assignment was recorded on May 16, 2011 in the Camden County Clerk's Office in Book 9415, Page 477. (*Id.*). On March 28, 2013, the BAC Assignment was corrected, with the Mortgage assigned from MERS to Nationstar Mortgage, LLC ("Nationstar") (the "Nationstar

---

[2] "MTD Cert." refers to the March 24, 2020 Certification of Stephen R. Catanzaro, Esq. filed in support of Defendants' Motion to Dismiss Counts One Through Five of the Complaint with Prejudice at ECF No. 9-2.

Assignment"). (*Id.* ¶4, Ex. C).  The Nationstar Assignment was recorded in the Camden County Clerk's Office on June 26, 2013 in Book 9835, Page 1652.  (*Id.*).

On December 17, 2013, as a result of Plaintiff's failure to pay the Loan, Nationstar filed the Foreclosure Action.  (*Id.* ¶5, Ex. D).  Plaintiff failed to file a responsive pleading or otherwise defend against the claims raised by Nationstar in the Foreclosure Action, resulting in default being entered against her.  (*Id.* ¶7, Ex. H).  On July 16, 2015, following the entry of default against Plaintiff, the Hon. Paul Innes, P.J.Ch. entered final default judgment in favor of Nationstar and against Plaintiff (the "Final Judgment").  (*Id.* ¶7, Ex. F).  The Final Judgment states that Plaintiff had been properly served with the Complaint, and that sufficient cause existed for the entry of final judgment by default.  (*Id.*).  On the same day, Judge Innes also issued a Writ of Execution.  (*Id.* ¶8, Ex. G).

The Foreclosure Action was stayed twice for extensive periods of time between December 2015 and March 2019 as a result of Plaintiff's December 2, 2015 filing of her first bankruptcy action, and August 14, 2018 filing of her second bankruptcy action (*see infra*).

The stay in the Foreclosure Action stemming from Plaintiff's first two bankruptcy action filings was lifted in or about March 2019.  On April 17, 2019, the Property proceeded to a Sheriff's sale, at which U.S. Bank was the successful bidder (the "Sheriff's Sale").  (*Id.* ¶9, Ex. H).[3]  On August 2, 2019, a Writ of Possession was issued by the court and recorded in the Office of the Superior Court Clerk.  (*Id.* ¶10, Ex. I).

---

[3] Plaintiff asserts that Nationstar improperly proceeded with the Sheriff's Sale because the Mortgage had already been assigned to U.S. Bank.  That contention is wrong as a matter of law and is likewise frivolous.  The court in the Foreclosure Action necessarily rejected that argument when it issued the Writ of Possession and denied Plaintiff's First Sheriff Eviction Motion.  That is not a surprise, because *R*. 4:34-3 expressly authorizes such action, providing that "in case of any transfer of interest, the action may be continued by or against the original party."

In November 2019, Attorney Thomas entered an appearance as counsel for Plaintiff in the Foreclosure Action. (*See id.*, Ex. G). On November 6, 2019, Plaintiff filed a Motion to Set Aside Sheriff's Sale (the "Sheriff Sale Motion") and a Motion to Stay Sheriff Eviction (the "First Sheriff Eviction Motion"). (*Id.* ¶11). In support of the Sheriff Sale Motion, Plaintiff submitted a Certification, in which she asserted the same arguments that she has asserted here (i.e. that the Sheriff's Sale was improper and the wrong party prosecuted the Foreclosure Action). (*Id.* ¶11, Ex. J). In support of the First Sheriff Eviction Motion, Plaintiff also submitted a Certification in which she raised complaints about the bankruptcy proceedings, and claimed that U.S. Bank and Nationstar were engaging in improper collection efforts. (*Id.* ¶11, Ex. K).

On November 7, 2019, the Hon. Nan S. Famular, P.J.Ch. denied the First Sheriff Eviction Motion, rejecting Plaintiff's arguments—the same arguments Plaintiff now raises in this case. (*Id.* ¶12, Ex. L). On the same day, following the denial of the motion, Plaintiff filed her third bankruptcy action (*see infra*), resulting in another stay of the Foreclosure Action.

On February 14, 2020, after relief was granted from the bankruptcy stay, U.S. Bank obtained a Writ of Possession, seeking authorization for the Sheriff of Camden County to remove Plaintiff from the Property. (*Id.* ¶13, Ex. M.) In response, on February 18, 2020, Plaintiff filed this action and, on February 25, 2020, she filed a renewed Motion to Stay Sheriff Eviction in the Foreclosure Action (the "Second Sheriff Eviction Motion"). (*Id.*). In support of the Second Sheriff Eviction Motion, Plaintiff submitted another Certification, again asserting arguments almost identical to those raised in her Complaint in this action. (*Id.* ¶13, Ex. N). On March 2, 2020, likely recognizing that the arguments she raised in the Second Sheriff Eviction Motion had already been denied in the First Sheriff Eviction Motion, Plaintiff withdrew her

motion. As a result, on March 5, 2020, the Writ of Possession was issued and recorded with the Office of the Superior Court Clerk. (*Id.* ¶13, Ex. M).

**First Bankruptcy Action**

On December 2, 2015, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the District of New Jersey, under Case No. 15-32690-ABA (the "First Bankruptcy Action"). (*Id.* ¶14, Ex. O at ECF No. 1). The First Bankruptcy Action was dismissed on March 21, 2017 due to Plaintiff's failure to comply with various procedural requirements. (*Id.* at ECF No. 30). The action was reopened on April 18, 2017, and then dismissed again on January 25, 2018. (*Id.* at ECF No. 51).

**Second Bankruptcy Action**

On August 14, 2018, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States District Court for the District of New Jersey, under Case No. 18-26258-ABA (the "Second Bankruptcy Action"). (*Id.* ¶15, Ex. P at ECF No. 1). On March 20, 2019, the Hon. Andrew B. Altenburg, Jr., U.S.B.J. entered an order vacating the automatic stay and permitting U.S. Bank to proceed with the Foreclosure Action. (*Id.* at ECF No. 37). The Second Bankruptcy Action was dismissed on May 8, 2019. (*Id.* at ECF No. 40).

**Third Bankruptcy Action**

On November 7, 2019, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States District Court for the District of New Jersey, under Case No. 19-31077-ABA (the "Third Bankruptcy Action"). (*Id.* ¶16, Ex. Q at ECF No. 1). On December 3, 2019, U.S. Bank filed a motion for relief from the automatic stay, which included a supporting Certification memorializing the procedural history in the Foreclosure Action. (*Id.* ¶16, Ex. S at ECF No. 17, Ex. R). On January 6, 2020, Plaintiff filed a Certification in opposition to the stay motion, once

again asserting arguments similar to her claims in this action. (*Id.* ¶16, Ex. S at ECF No. 31, Ex. R). On January 7, 2020, Judge Altenburg entered an Order granting U.S. Bank's motion, permitting it to proceed with the Foreclosure Action. (*Id.* ¶16, Ex. S at ECF No. 32, Ex. R). The order includes a provision that any future bankruptcy filings by Plaintiff will <u>not</u> stay the Foreclosure Action. (*Id.*). The Third Bankruptcy Action was dismissed on January 23, 2020. (*Id.* ¶16, Ex. S at ECF No. 36).

**This Action**

Attorney Thomas and Plaintiff were clearly aware of the Final Judgment and denial of the Sheriff Eviction Motion in the Foreclosure Action, and Plaintiff (and Attorney Thomas if he had conducted a reasonable inquiry) would have been well aware of Judge Altenburg's Order in the Third Bankruptcy Action precluding any future automatic stays. In blatant disregard of those court mandates, and in an obvious effort to avoid the judge in the New Jersey Chancery Division as well as the federal bankruptcy court, Plaintiff filed the Complaint in this action in the Superior Court, "Legal Division" on February 18, 2020. In the Complaint, Plaintiff seeks to circumvent the Final Judgment by asserting various claims relating to the origination of and assignments of the Mortgage. She essentially claims that the Mortgage/Note were improperly endorsed, the assignments ineffective, and subsequent foreclosure and Sheriff's Sale improper. (*See* Compl. ¶¶6, 13, 14, 46-99). Relying on these allegations, which have already been adjudicated and rejected several times, Plaintiff seeks the following relief:

1. An order declaring U.S. Bank's interest in the Mortgage/Note and Property invalid and void;

2. An order declaring the Final Judgment void and invalid;

3. An order declaring the Sheriff's Sale void and invalid; and

   4. An order declaring the attempts to eject/evict Plaintiff from the Property void and invalid.

(*Id.* ¶¶50, 58, 68, 90, 93) (nearly identical relief sought in Counts One through Five).

On March 11, 2020, this action was removed to this Court by Nationstar. (*See* ECF No. 1). To date, Plaintiff has failed to serve Defendants with the Complaint.

On March 24, 2020, Defendants filed a Motion to Dismiss Counts One Through Five of the Complaint with Prejudice (all of the counts that apply to Defendants). (ECF No. 9). On April 9, 2020, Plaintiff filed a Motion to Remand and opposition to Defendants' Motion to Dismiss (ECF No 16). On April 16, 2020, Defendants filed a reply brief in further support of its motion. (ECF No. 18). On April 17, 2020, Defendants filed an opposition to Plaintiff's Motion to Remand. (ECF No. 19). Defendants' Motion to Dismiss and Plaintiff's Motion to Remand were returnable May 4, 2020. To date, a decision has not been rendered by the Court on either motion.

### **Demands to Plaintiff and Attorney Thomas to Dismiss the Frivolous Complaint**

On March 25, 2020, in an attempt to avoid motion practice, Defendants' counsel sent Attorney Thomas a letter demanding that Plaintiff's frivolous Complaint be dismissed within 21 days pursuant to Rule 11 and N.J.S.A. 2A:15-59.1. (*See* Sperling Cert. ¶ 4, Ex. A). Defendants explained in extensive detail both in the letter and their Motion to Dismiss why Plaintiffs' Complaint has no basis in fact or law. (*Id.*). Attorney Thomas refused to voluntarily dismiss the Complaint. (*Id.* ¶ 6).

On May 29, 2020, Defendants' counsel sent Attorney Thomas another letter, this time serving a copy of the within motion and placing him and Plaintiff on notice that this Motion for Sanctions would be filed should they fail to dismiss the Complaint within 21 days. (*Id.* ¶5, Ex.

B). To date, Plaintiff and Attorney Thomas have failed to dismiss the Complaint, necessitating this motion. (*Id.* ¶ 6).

## ARGUMENT

### PLAINTIFF AND ATTORNEY THOMAS SHOULD BE SANCTIONED FOR REFUSING TO VOLUNTARILY DISMISS THE FRIVOLOUS COMPLAINT.

Rule 11 of the Federal Rules of Civil Procedure imposes an affirmative duty on an attorney and/or party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). An inquiry is considered reasonable if it provides the party with "an objective knowledge or belief at the time of the filing . . . that the claim was well-grounded in law and fact." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (internal quotation marks and citation omitted). By signing and filing a complaint, an attorney certifies to the Court that (a) the claims asserted are not presented for an improper purpose, (b) the claims are warranted by existing law or a non-frivolous argument for the extension or modification of such law, and (c) the factual contentions in the complaint have evidentiary support. Fed. R. Civ. P. 11(b)(1)-(3).

Rule 11 authorizes a court to "impose an appropriate sanction on any attorney, law firm, or party that violate[s] the rule or is responsible for the violation." *Id.* at (c)(1). N.J.S.A. 2A:15-59.1 likewise authorizes the court to award "all reasonable litigation costs and reasonable attorney fees" to the party who prevails in a civil action if the judge finds that a pleading filed by the non-prevailing party was frivolous. Appropriate sanctions include an award of attorneys' fees and costs. Fed. R. Civ. P. 11(c)(4); N.J.S.A. 2A:15-59.1(a)(1).

A Complaint should be found to be frivolous if it was filed or continued in bad faith, solely for the purpose of harassment, delay or malicious injury, or if the non-prevailing party "knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b).

### A. Plaintiff's Claims Are Frivolous.

Plaintiff's claims are patently frivolous. All five of Plaintiff's claims against Defendants (Counts One through Five) are premised on the allegations that the Note/Mortgage were improperly endorsed, the assignments ineffective, and subsequent Final Judgment and Sheriff's Sale improper. Relying on those allegations, Plaintiff seeks an order that would effectively overturn the Final Judgment. Significantly, those exact claims and requested relief were undeniably already decided against Plaintiff in the Foreclosure Action by virtue of the Final Judgment. Indeed, under New Jersey Law, "[a] state foreclosure judgment necessarily decide[s] . . . the following essential elements: the validity of the note and mortgage; the alleged default; and [the] Defendants' right to foreclose (which would include its standing by assignment or otherwise)." *Sheldrick v. Wells Fargo Bank, N.A.,* No. 16-2797, 2016 WL 7325473, at *6 (D.N.J. Dec. 16, 2016) (holding that plaintiff's *pro se* claims against defendant mortgage servicing company for fraud and unfair or deceptive acts or practices concerning the mortgage were "inextricably intertwined" with the foreclosure action, even if those claims were not actually litigated). Moreover, Plaintiff (with Attorney Thomas as her attorney) asserted in the motions she filed in the Foreclosure Action the same arguments she now asserts in this case. (*See* e.g. MTD Cert. ¶¶ 11-13, Exs. J, K, N).

The court in the Foreclosure Action rejected Plaintiff's arguments and denied her motions. (*See* e.g. *id.* ¶ 12, Ex. L). She also asserted these same arguments in opposition to a motion for relief from the automatic stay in the Third Bankruptcy Action, all of which were rejected and the Bankruptcy Court ordered that if Plaintiff filed another bankruptcy petition it would not stay the Foreclosure Action. (*Id.* ¶ 16 Exs. R, S).

As set forth in extensive detail in Defendants' Motion to Dismiss, Plaintiff's collateral attack of the state court Final Judgment is barred under the *Rooker-Feldman Doctrine*, as well as under the preclusionary doctrines of *res judicata* and collateral estoppel, and the entire controversy doctrine. (*See* ECF No. 9-1 at 12-21). These doctrines render Plaintiff's Complaint fatal as a matter of law. (*Id.*). Attorney Thomas is certainly familiar with these doctrines, having been admonished by this Court for filing frivolous lawsuits challenging state court foreclosure judgments. (*See* Sperling Cert. ¶7, Ex. C). He is likewise familiar that those doctrines bar Plaintiff's claims in this case, especially because he represented Plaintiff in the motions she filed in the Foreclosure Action. And even if Attorney Thomas somehow did not know Plaintiff's claims would violate Rule 11 and N.J.S.A. 2A:15-59.1, he would have discovered that there is no basis in fact or law for Plaintiff to assert these claims had he performed the requisite reasonable inquiry.

Plaintiff's claim under the FDCPA is likewise fatal as a matter of law and patently frivolous. First, Plaintiff does not even assert any facts to support her claim, which is alone grounds for dismissal and renders that claim frivolous. *See Itiowe v. Trentonian*, 620 F. App'x 65, 68 (3d Cir. 2015). Second, even if Plaintiff had set forth the sufficient specificity required by the Federal Rules, Plaintiff's FDCPA claims still fail as a matter of law, because the statute does not apply to Defendants as they are not "debt collectors" under the statute. *See* 15 U.S.C. §

1692a(6); *Henson v. Santander Consumer USA Inc.,* 137 S. Ct. 1718, 1721-22 (2017) (A lender who is assigned a mortgage in default does not qualify as a "debt collector" under the FDCPA and is thus exempt from the Act); *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) (holding the FDCPA "does not apply to persons or businesses collecting debts on their own behalf"). Finally, even if Defendants were subject to the FDCPA, Plaintiff's claim is barred by the one (1) year statute of limitations. *See* 15 U.S.C. 1692k(d).

Here, Plaintiff says nothing about when the alleged violation occurred; nor does she provide any particular facts as to the alleged acts that would have violated the FDCPA. Plaintiff did not file her Complaint until February 18, 2020, more than six (6) years after the Foreclosure Action was filed, and almost five (5) years since the Final Judgment was entered. With the Final Judgment, Defendants' efforts to collect on the debt had concluded, as Plaintiff's interest in the Mortgage and Note was extinguished. By filing an FDCPA claim that does not even apply to Defendants and is otherwise barred by the statute of limitations and lacks any evidentiary support, Plaintiff and Attorney Thomas have violated Rule 11 and N.J.S.A. 2A:15-59.1.

Based on the foregoing, Plaintiff and Attorney Thomas have filed a frivolous lawsuit. Attorney Thomas was certainly aware that asserting claims challenging a prior foreclosure action had no basis in law or fact, yet filed anyway. He refused to dismiss the Complaint even after receiving letters from defense counsel requesting same. Rather than dismiss the Complaint, Attorney Thomas filed a Motion to Remand (ECF No. 16) in a blatant attempt to avoid Judge Kugler's order enjoining him from litigating cases like this one in the District of New Jersey. His refusal to dismiss exemplifies his willful disregard for his obligations under Rule 11. Accordingly, sanctions are appropriate. *See Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191 (3d Cir. 1988) (affirming lower court's decision to impose Rule 11 sanctions on

attorney who filed a frivolous complaint); *Ibelli v. Maloof*, 257 N.J. Super. 324 (Ch. Div. 1992) (finding plaintiff's motion to be frivolous and ordering plaintiff to pay counsel fees pursuant to N.J.S.A. 2A:15-59.1).

### B. Defendants Should Be Reimbursed For The Attorneys' Fees And Costs Incurred Defending Against Plaintiff's Frivolous Claims.

The Court is authorized to award Defendants the attorneys' fees and other expenses incurred as a result of Attorney Thomas' and Plaintiff's violation of Rule 11. Fed. R. Civ. P. 11(c)(4); N.J.S.A. 2A:15-59.1(a). Rule 11's primary purpose is to deter litigation abuse. *Doering*, 857 F.2d at 194. Sanctions are appropriate in exceptional circumstances where, as here, a claim is "patently unmeritorious or frivolous." *Id.* The choice of sanctions is left to the discretion of the Court. *See Id.* "Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should be guided by equitable considerations." *Id.* at 195.

Plaintiff's and Attorney Thomas' refusal to dismiss the frivolous Complaint has resulted in Defendants incurring significant costs in defending this action, including, but not limited to, the attorneys' fees and other expenses associated with drafting and filing Defendants' (1) Motion to Dismiss Counts One through Five of the Complaint with Prejudice (ECF No. 9); (2) opposition to Plaintiff's Motion to Remand (ECF No. 19); and (3) Motion for Sanctions. (*See* Sperling Cert. Ex. D (Certification of Fees)).[4]

Plaintiff's and Attorney Thomas' actions are plainly violative of Rule 11. Plaintiff's claims have continued to be asserted in bad faith despite adequate and repeated notice of the patently frivolous nature of such claims. It seems apparent, given the undisputed existence of the

---

[4] The attorneys' fees and costs identified in the Certification of Fees (Sperling Cert. Ex. D) were incurred through June 21, 2020. Defendants reserve the right to seek additional fees in the event such additional fees are incurred as a result of Plaintiff's continued pursuit of his claims.

Final Judgment in the Foreclosure Action, Plaintiff's prior assertion of identical claims in the Foreclosure Action (for which Attorney Thomas was her counsel) and Third Bankruptcy Action, and Attorney Thomas' history of improperly challenging prior foreclosure actions, that the Complaint is intended solely to harass and impose economic hardship on Defendants. This is the exact conduct that Rule 11 and N.J.S.A. 2A:15-59.1 are intended to prevent. Accordingly, sanctions should be imposed to remedy the wrongdoing and deter Plaintiff, Attorney Thomas, and future parties and counsel from engaging in similar improper behavior.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order imposing sanctions against Plaintiff and Attorney Thomas to reimburse Defendants for the costs incurred in defending this action, and in any additional amount the Court deems just and proper.

*/s/ Joy Harmon Sperling*

JOY HARMON SPERLING
STEPEN R. CATANZARO
**DAY PITNEY LLP**
1 Jefferson Road
Parsippany, NJ  07054
(973) 966-6300
scatanzaro@daypitney.com

*Attorneys for Defendants*
*U.S. Bank Trust, N.A., as Trustee*
*for LSF9 Master Participation Trust and*
*Mortgage Electronic Registration Systems, Inc.*

Dated:  June 23, 2020