UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

KRISTINE KEYES,

        Plaintiff,

  v.

NATIONSTAR MORTGAGE, LLC,
U.S. BANK, N.A., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS INC., BANK OF
AMERICA, N.A., SHERIFF OF
CAMDEN COUNTY, RAS CITRON LAW
OFFICES,

        Defendants.

_____

Civ. No. 1:20-cv-02649-NLH-SAK

**OPINION AND ORDER**

**APPEARANCES**:

JOSHUA LOUIS THOMAS, ESQ.
JOSHUA L. THOMAS & ASSOCIATES
225 WILMINGTON WEST CHESTER PIKE
SUITE 200
CHADDS FORD, PA 19317

   *On behalf of Plaintiff.*

BRIAN PETER SCIBETTA, ESQ.
MCCALLA RAYMER LEIBERT PIERCE, LLC
99 WOOD AVENUE SOUTH, SUITE 803
ISELIN, NEW JERSEY 08830

FRANCESCA ANN ARCURE, ESQ.
HILL WALLACK LLP
21 ROSZEL ROAD, P.O. BOX 5226
PRINCETON, NEW JERSEY 08543

STEPHEN ROBERT CATANZARO, ESQ.
DAY PITNEY LLP
1 JEFFERSON ROAD

PARSIPPANY, NEW JERSEY 07054

MICHAEL E. BLAIN, ESQ.
WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

DAVID NEEREN, ESQ.
ROBERTSON, ANSHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
130 CLINTON ROAD, LOBBY B, SUITE 202
FAIRFIELD, NEW JERSEY 19034

    *On behalf of Defendants.*

**HILLMAN**, **District Judge**

    WHEREAS, this Court rendered an Opinion and Order on October 16, 2020 (ECF Nos. 31, 32) granting Defendants' motions to dismiss (ECF Nos. 9, 13, 17, 21), denying Plaintiff's motion to remand (ECF No. 16), denying Plaintiff's motion for an extension of time to file a response, and granting Defendants' motion for sanctions (ECF No. 25); and

    WHEREAS, this Court ordered counsel for Plaintiff, Joshua Thomas, Esq., to reimburse Defendants U.S. Bank, N.A., as trustee for LSF9 Master Participation Trust, and Mortgage Electronic Registration Systems Inc., for all or part of their reasonable feeds and expenses, (ECF No. 32); and

    WHEREAS, the Court found that Joshua Thomas, Esq., violated Fed. R. Civ. P. 11(b),[1] by filing frivolous claims, making

---

[1] "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney . . . certifies that to the best of the person's knowledge, information, and

repeated, unmeritorious arguments in his briefings, and failing to adhere to the Court's deadlines to needlessly delay the litigation process in this case, (ECF No. 31 at 27-35); and

WHEREAS, the Court agreed with Defendants that granting attorneys' fees and costs incurred by Defendants in responding to this action are proper and fair form of sanction to impose under Fed. R. Civ. P. 11(c),[2] (id.); and

WHEREAS, at the time of the Court's Order, the Court could not determine the monetary amount for sanctions and ordered Defendants to provide a declaration in support of fees and costs pursuant to Rule 54.2, and further allow Joshua Thomas an opportunity to submit any objections to the amounts requested and any mitigating factors such as his ability to pay; Doering

---

belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."  Fed. R. Civ. P. 11(b).

[2] "[T]he court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any ... party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).

v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d. Cir. 1988); and,

WHEREAS, on October 27, 2020, Defendants' counsel provided a declaration in support of fees and costs pursuant to Rule 54.2, outlining the individuals who completed work on this matter and their respective billing rates, as well as provided invoices of the same reflecting 111 hours of services rendered by Day Pitney, of which $45,761.30 was requested to be reimbursed, (ECF No. 33); and

WHEREAS, on November 10, 2020, Plaintiff's counsel filed a brief in reply to the fees and costs sanction, arguing that the sanctions were not warranted, disproportionate to the violation, and that new evidence presented in a soon-to-be-filed motion for reconsideration would "overturn" the Court's Order, and that such sanctions would cause "incredible hardship" as a solo practitioner and that his missed deadlines were not intentional but due to his solo practitioner status, (ECF No. 34); and

WHEREAS, Joshua Thomas, did not provide any additional support for his ability or inability to pay; and

WHEREAS, on November 13, 2020, Defendants provide a reply in support of fees and costs pursuant to the Court's Order, noting that Joshua Thomas had "done nothing to comply with the Sanctions Order," and "[i]nstead, his opposition seeks to reargue the Rule 11 motion (which was already decided against

4

him)" and "[a]s a result, Mr. Thomas has effectively conceded that Defendants are entitled to the full amount of fees and costs," (ECF No. 36); and

WHEREAS, on November 13, 2020, Plaintiff's counsel filed a motion for reconsideration as to the Court's October 16, 2020 Opinion, including the order on sanctions, (ECF No. 35); and

WHEREAS, on December 7, 2020, Defendants filed three briefs in opposition to Plaintiff's motion for reconsideration, arguing that Plaintiff was continuing to make meritless arguments, that Plaintiff did not establish any "new evidence" for reconsideration, that Plaintiff's motion was untimely, and that Defendants should be granted leave to supplement their declaration of fees and costs to include recovery for the fees and costs incurred in defending the motion for reconsideration, (ECF Nos. 41, 42, 43); and

WHEREAS, on June 28, 2021, this Court entered an Opinion denying Plaintiff's motion for reconsideration, denying Plaintiff's request to amend her complaint, and sanctioned Plaintiff's counsel for filing the motion for reconsideration, ordering Plaintiff's counsel to reimburse Defendants, (ECF No. 45); and

WHEREAS, the Court specifically noted that Joshua Thomas's actions in filing the motion for reconsideration "may be even more obviously deserving of sanction" than his previously

5

sanctioned actions because he was "specifically warned and sanctioned for the exact misconduct he has again engaged in here," and was found to be in violation of Rule 11(b) for filing a frivolous motion, unmeritorious, repetitive argumentation (to the extent that the majority of the brief was almost entirely copied and pasted from a previous brief filed in the same action), (ECF No. 45 at 18-22); and

WHEREAS, the Court noted that Joshua Thomas' actions in this case were serious not only for his repeated, sanctionable conduct in this matter, but that it reflects his consistent pattern of similar misbehavior in a significant number of separate cases over the past few years, which did factor into this Court's consideration of what sanction is appropriate to impose given that "[i]t is abundantly clear [to this Court] at this stage that simple reprimands, non-financial punishments like mandating attendance at ethics trainings, and small financial penalties are insufficient to deter [Joshua Thomas] from engaging in the exact same misconduct over and over again," (id. 27-38); and

WHEREAS, this Court followed the same procedure, directing Defendants to submit declarations of fees and expenses pursuant to Local Civil Rule 54.2, and granting the opportunity to Joshua Thomas to submit any objections as to the additional amounts requested (id. at 38-39); and

WHEREAS, on July 12, 2021, Defendants' counsel provided a declaration in support of fees and costs pursuant to Rule 54.2, outlining the individuals who completed work on this matter and their respective billing rates, as well as provided invoices of the same to the extent available, reflecting 41.8 hours of services rendered by Day Pitney, of which $13,906.75 was requested to be reimbursed, (ECF No. 49); and

WHEREAS, Joshua Thomas did not reply to Defendants' declaration of expenses; and

WHEREAS, on July 28, 2021, Plaintiff appealed this Court's Opinion and Order regarding her motion for reconsideration, (ECF No. 50)[3]; and

WHEREAS, on June 2, 2022, the Court of Appeals for Third Circuit dismissed Plaintiff's appeal for failure to timely prosecute, (ECF No. 55); and

WHEREAS, the Court has reviewed Defendants' declarations regarding fees and costs and finding them reasonable and justified; and

WHEREAS, the Court previously warned Joshua Thomas that "if he [chose] once again to not take this Court's generous invitation and to reject the opportunity to potentially limit

---

[3] The appeal was not processed until August 2, 2021 because Plaintiff's counsel neglected to pay the filing fee, (ECF No. 53).

7

the amount he will be ordered to pay, the Court will not hesitate to impose a sanction in the amount of MRS and U.S. Bank's full fees and costs incurred in this action," (ECF No. 45 at 39); and

WHEREAS, the fees and costs as submitted by Defendants in this matter from the first sanctions motion at $45,761.30 and second sanctions motion at $13,906.75 results in a total sanctions award of $59,668.05 to be paid by Joshua Thomas,

Accordingly,

IT IS on this ___13th___ day of January 2023

ORDERED that the Clerk shall re-open this matter to resolve Defendants' Sanctions Motions as set forth in this Order, and have the case remain open through the collection of this award; and it is further

ORDERED that Joshua Thomas, Esq. pay $59,668.05 to Defendants for costs and fees related to this matter within 30 days of the entry of this Order.

At Camden, New Jersey
                                        s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.